UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CESAR MONTOYA-QUINTERO,

Petitioner,

- against -

**MEMORANDUM AND ORDER**
26-CV-05105 (OEM)

WARDEN IN CHARGE OF ICE DETENTION, *et al.*,

Respondents.
---------------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

On August 20, 2026, Cesar Montoya-Quintero ("Petitioner") filed a petition for a writ of habeas corpus against "Warden in Charge of ICE Detention at Brooklyn MDC, Brooklyn, New York"; David Venturella, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); Marcos Charles, in his official capacity as Acting Executive Associate Director of ICE, Enforcement and Removal Operations ("ERO"); William Joyce, in his official capacity as Deputy Field Office Director for ICE in New York; Rodney S. Scott, in his official capacity as Commissioner of U.S. Customs and Border Protection; ICE; Markwayne Mullin, in his official capacity as Secretary of Homeland Security; Todd Blanche, in his official capacity as Attorney General of the United States; and President Donald J. Trump, in his personal[1] and official capacity ("Respondents"). *See generally* Petition for Writ of Habeas Corpus, Dkt. 1 ("Petition" or "Pet."). Petitioner challenges the lawfulness of his ongoing detention by ICE under the Fourth Amendment of the U.S. Constitution ("Fourth Amendment"), the Fifth Amendment of the U.S. Constitution ("Fifth Amendment"), the Sixth Amendment of the U.S. Constitution ("Sixth

[1] Although the Petition lists the President as a Respondent in his personal capacity, the relief sought does not apply to individuals in their personal capacity as the habeas remedy is directed at custody, not personal liability. *See Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir. 2003) ("Habeas lies to allow attacks on wrongful custodies.").

Amendment"), and the Eighth Amendment of the U.S. Constitution ("Eighth Amendment"). *Id.* at 2.[2] Petitioner seeks his immediate release. *Id.* at 5.

For the following reasons, the Petition is denied.

## BACKGROUND

### A. Petitioner's Arrest

Petitioner is a native and citizen of Mexico. Respondents' Letter to the Court at 1 (Aug. 25, 2026), Dkt. 7 ("Return"); Declaration of Deportation Officer Kevin Brodowsky ¶ 3, Dkt. 7-4 ("Brodowsky Decl."). He entered the United States at an unknown time and unknown location. *Id.* ¶ 5.

On August 1, 2026, during an enforcement operation in Staten Island, New York, ERO officers arrested Petitioner pursuant to an I-200, Warrant for Arrest of Alien. *Id.* ¶¶ 9-10. He was processed at 26 Federal Plaza, New York, New York ("26 Federal Plaza") following his arrest. *Id.* ¶ 10.

### B. Petitioner's District of New Jersey Habeas Petition

Petitioner was transferred from 26 Federal Plaza to Delaney Hall Detention Facility ("Delaney Hall") in New Jersey on August 2, 2026. *Id.* ¶ 12. That same day, Petitioner commenced a habeas action in the United States District Court for the Southern District of New York. *See Montoya Quintero v. Lyons*, 26-cv-6605 (GHW) (S.D.N.Y.) ("*Montoya-Quintero I*"). In *Montoya-Quintero I*, Richard Mendez ("Mendez"), on behalf of Petitioner as Next of Friend, alleged that Petitioner was entitled to an individualized custody determination and asserted related claims under the Fifth Amendment, the Immigration and Nationality Act ("INA") and its implementing regulations, and the Administrative Procedure Act ("APA"). *See* Return, Appendix

[2] As the Petition is unpaginated, citations to the Petition refer to the pagination of the automatically generated ECF header.

1 ¶¶ 28-42, Dkt. 7-1 ("*Montoya-Quintero I* Petition"). On August 4, 2026, the *Montoya-Quintero I* Petition was transferred to the United States District Court for the District of New Jersey because Petitioner was detained at Delaney Hall when the action was commenced. *See* Return, Appendix 2 at 1, Dkt. 7-2 ("*Montoya-Quintero I* Order").

On August 17, 2026, the court in *Montoya-Quintero I* found that "Mendez has not clearly established the propriety of his next-friend status," and, notwithstanding, "a non-attorney cannot represent another party, even if acting as a next friend." *Montoya-Quintero I* Order at 2-4. Accordingly, the court ordered that the action be administratively terminated and granted Petitioner leave "to reopen this matter by submitting (and signing) his own habeas petition within 30 days of the date of entry of this Order." *Id.* at 5.

**C. The Instant Habeas Petition**

ICE transferred Petitioner from Delaney Hall to the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn") on August 7, 2026. Brodowsky Decl. ¶ 13. On August 20, 2026, Petitioner filed the instant Petition through another Next of Friend, Lizzi Ulloa,[3] asserting that "to vindicate [] [his] Fourth Amendment right against search and seizure, Fifth Amendment right against deprivation of liberty without due process, [Eighth] Amendment right against cruel and unusual punishment, [and] Sixth Amendment right to counsel, this Court should grant the instant petition for a writ of habeas corpus." *Id.* at 2. That same day, the Court issued an Order to Show Cause why the Petition should not be granted, thereby directing Respondents to file a return by August 25, 2026. *See* Order to Show Cause, Dkt. 3 ("Order to Show Cause").

Counsel for Petitioner appeared via motion to appear *pro hac vice* on August 25, 2026. *See* Order on Motion for Leave to Appear *Pro Hac Vice*, dated Aug. 25, 2026. The same day,

[3] Although Petitioner's Next of Friend's name is spelled "Lizzie" on ECF, the Petition spells it as "Lizzi." *See* Petition at 1.

Respondents filed their Return to the Order to Show Cause. *See generally* Return. The Court subsequently ordered Petitioner to file a reply responding to the arguments raised in the Return by August 28, 2026. *See* Order, dated Aug. 25, 2026. Petitioner filed his reply on August 28, 2026. *See* Petitioner's Letter to the Court (Aug. 28, 2026), Dkt. 9 ("Reply").

**DISCUSSION**

Respondents contend that the Petition should be denied under the abuse of the writ doctrine. Return at 3-5. In response, Petitioner argues that "the application of *res judicata* principles requires a prior adjudication on the merits," and further asserts that "the Court should invoke its inherent case management authority" to hear the instant Petition. Reply at 2-3.[4]

The abuse of the writ doctrine holds that "a court need not entertain a petition that abuses the habeas process." *Esposito v. Ashcroft*, 392 F.3d 549, 550 (2d Cir. 2004); *see Cardona v. Taylor*, 1:17-cv-320-GHW, 2017 WL 1291996, at *2 (S.D.N.Y. Apr. 3, 2017) (applying the abuse of the writ doctrine within the context of immigration detention). "[T]he 'abuse of the writ' doctrine is a substitute for res judicata in the context of second habeas petitions." *Cardona*, 2017 WL 1291996, at *2 (citing *Muniz v. United States*, 236 F.3d 122, 126 (2d Cir. 2001)). Accordingly, "a second petition may be abusive if the petitioner raises new claims that he could have asserted in his prior petition, or repeats a previously asserted claim." *Id.* (citing *Esposito*, 392 F.3d at 550). "When a prisoner files a second or subsequent [habeas] application, the government bears the burden of pleading abuse of the writ." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). "The government satisfies this burden if, with clarity and particularity, it notes [the] petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that [the] petitioner has abused the writ." *Id.*

[4] As the Reply is unpaginated, citations to the Reply refer to the pagination of the automatically generated ECF header.

Respondents have satisfied their initial burden here. The Return discusses Petitioner's prior writ history in detail, noting that the *Montoya-Quintero I* Petition and the instant Petition "raise the same constitutional violation stemming from Petitioner's detention, *i.e.*, that his detention violated his rights under the Fifth Amendment's Due Process clause." Return at 4. *Compare Montoya-Quintero I Petition* ¶¶ 28–31*, with* Petition at 2. The Return also notes how the instant Petition "alleges that Petitioner's detention violate[s] his rights under the Fourth, Eighth, and Sixth Amendments, all of which could have been raised in the *Montoya-Quintero I* Petition." Return at 4; *see* Pet. at 2. Therefore, Respondents have satisfied their burden of pleading abuse of the writ. *See McCleskey*, 499 U.S. at 494.

As Respondents have satisfied their initial burden, the burden shifts to Petitioner to disprove abuse of the writ by "show[ing] cause for failing to raise [the claims] and prejudice therefrom." *Id*. As articulated in *McCleskey*, in order to show the requisite cause, a petitioner must show that some "objective factor external to the defense impeded counsel's efforts to raise the claim" in the initial petition. *Id.* at 493-94; *see also Roccisano v. Menifee*, 293 F.3d 51, 58-59 (2d Cir. 2002). A petitioner may also disprove abuse by "show[ing] that a fundamental miscarriage of justice would result from a failure to entertain the claim[s]." *McCleskey*, 499 U.S. at 494-95. Additionally, where a petitioner brings the same claims as those raised within a prior petition, he or she must show cause for cause doing so, "for instance, by showing the 'the discovery of new facts or an intervening change in the law.'" *Cardona*, 2017 WL 1291996, at *2 (quoting *Agoro v. United States*, 11-Civ. 1818 (SAS), 2011 WL 1330771, at 3 (S.D.N.Y. Apr. 4, 2011)).

Petitioner fails to disprove abuse of the writ. In arguing that "*res judicata* principles require[] a prior adjudication on the merits," Reply at 2, Petitioner does not engage with the abuse of the writ doctrine or otherwise address his burden under it. While it is true that the merits of the

claims raised in *Montoya-Quintero I* were not adjudicated because the case was administratively terminated on the grounds of Next of Friend standing, *see Montoya-Quintero I* Order, Petitioner does not provide an "objective factor external to the defense" that impeded Petitioner's ability to raise the Fourth, Sixth, and Eighth Amendment claims, all of which he could have raised in the *Montoya-Quintero I* Petition but did not, *see Mc McCleskey*, 499 U.S. at 493-94. Nor does Petitioner show cause for raising a Fifth Amendment claim for a second time. *See Cardona*, 2017 WL 1291996, at *2.

Moreover, Petitioner fails to show that a fundamental injustice would result from the Court's failure to entertain the instant Petition. *See McCleskey*, 499 U.S. at 494-95. Although Petitioner has until September 16, 2026, to reopen *Montoya-Quintero I* "by submitting (and signing) his own habeas petition," *Montoya-Quintero I* Order at 5, Petitioner contends that the District of New Jersey "no longer has jurisdiction over [his] physical body," Reply at 3. While Petitioner is currently detained at MDC Brooklyn, which is within the Eastern of District New York, jurisdiction over an immigration habeas petition is with the district of confinement at the time the petition is filed, and a petitioner's subsequent transfer to another district does not deprive the court of jurisdiction. *See Ozturk v. Hyde*, 136 F.4th 382, 391-92 (2d Cir. 2025). As Petitioner was detained in New Jersey when the *Montoya-Quintero I* Petition was filed, *Montoya-Quintero I* Order at 1, the United States District Court for the District of New Jersey properly exercised jurisdiction over the *Montoya-Quintero I* Petition, and Petitioner's subsequent transfer to the Eastern District of New York did not divest that court of jurisdiction over the *Montoya-Quintero I* Petition, *see Ozturk*, 136 F.4th at 391-92. Therefore, Petitioner is not foreclosed from reopening *Montoya-Quintero I* and no "fundamental miscarriage of justice" would result from the Court's failure to entertain the instant Petition. *McCleskey*, 499 U.S. at 494-95; *see Rengel v. Maldonado*,

26-CV-4173 (OEM), 2026 WL 2071126, at *2-3 (E.D.N.Y. July 17, 2026) (dismissing a habeas action improperly brought in the Eastern District of New York because "there [was] already a pending [habeas] action in the District of New Jersey"); *see also Kumar v. Maldonado*, 26-CV-3516 (OEM), 2026 WL 1802984, at *3 (E.D.N.Y. June 23, 2026) (dismissing a habeas petition as an abuse of writ and noting that the petitioner could have appealed the prior adverse district court decision).

Accordingly, the instant Petition constitutes an abuse of the writ.

**CONCLUSION**

For the foregoing reasons, the Petition is denied as an abuse of the writ. The Clerk of Court is directed to enter judgment in accordance with this Memorandum and Order and close this case.

SO ORDERED.

*/s/*
ORELIA E. MERCHANT
United States District Judge

September 2, 2026
Brooklyn, New York